HANOVER FIRE INSURANCE COMPANY ET AL. V. MARCUS L. PARROTTE.

FILED MARCH 18, 1896. No. 6300.

Insurance: PROOF OF LOSS: UNOCCUPIED PREMISES. The proof of loss submitted by the plaintiff, in an action upon a policy of insurance, contained this clause, partly written and partly printed : "The building described by said policy, or containing said property, was occupied in its several parts by the parties hereafter named and for the following purposes: Used as a residence by Hill Adair up to 3:30 P. M., September 20, 1890, and for no other purpose whatever." *Held,* Not an admission that the insured property remained unoccupied for ten days thereafter, within the terms of the policy providing that it should be null and void in case the premises insured were at any time unoccupied for more than ten consecutive days.

Hanover Fire Ins. Co. v. Parrotte.

ERROR from the district court of Douglas county. Tried below before DOANE, J.

*Thomas D. Crane,* for plaintiff in error.

*Francis A. Brogan, contra.*

POST, C. J.

This was an action upon a policy of insurance, in the district court for Douglas county, where, on a trial of the issues joined, there was a judgment upon a verdict for the plaintiff therein, and which has been removed into this court for review by means of the petition in error of the defendant company.

The property covered by the policy was a story and a half frame dwelling-house situated upon lot 3, in block 6, Hawthorne Addition to the city of Omaha, and was, according to the pleadings, destroyed by fire October 2, 1890. The defense relied upon is the alleged breach of the following condition of the policy: "If the premises described in this policy be unoccupied for more than ten consecutive days, * * * then, and in every such case, this policy shall be void." It is alleged that the premises insured were at the time of the loss, October 2, unoccupied, and had been so unoccupied for more than ten days immediately preceding said date. The reply is a general denial. The plaintiff below introduced in evidence the policy above mentioned, and testified in his own behalf to the loss by fire of the property insured. The defendant thereupon introduced in evidence the proof of loss made and certified by the insured on the 11th day of December, 1890. The plaintiff, in the preparation of said proof, employed a blank

41

form apparently furnished by the defendant company for that purpose, and which, among other printed matter, contains the following: "The building described by said policy or containing said property was occupied in its several parts by the parties hereinafter named, and for the following purposes, to-wit." In the space immediately following the above is inserted in writing these words: "Used as a residence by Hill Adair up to 3:30 P. M. Sept. 20, 1890," and which is followed by the printed words "and for no other purpose whatever."

The judgment complained of is clearly right. Indeed, it is the only one possible upon the record before us, and the district court might with propriety have directed a verdict for the plaintiff at the conclusion of the trial. The statement quoted from the proof of loss, and which is relied upon for a reversal of the judgment, raises no presumption of a breach of the condition of the policy with respect to the occupancy of the building insured. The language therein employed obviously refers, not to the fact, but to the character of the occupancy, and by no reasonable construction can it be inferred therefrom that said building remained unoccupied after the removal of the particular tenant on September 20,—twelve days previous to the loss. The defense relied upon was an affirmative one, as to which the burden was upon the defendant company, and on account of the failure of proof to sustain the allegation of the answer, the judgment must be

AFFIRMED.